EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>    Iris V. Cepeda Rivera | Queja<br><br>2004 TSPR 34<br><br>161 DPR _____ |

Número de los Casos: AB-2003-270

Fecha: 5 de marzo de 2004

 Oficina del Procuradora General:

                          Lcda. Camelia Fernández Romeu
                           Procuradora General Auxiliar

Materia: Conducta Profesional
        (La suspensión será efectiva el día 8 de marzo de 2004
        fecha en que se le notificó a la abogada de su
        suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

    Iris V. Cepeda Rivera

                    AB-2003-270

PER CURIAM

San Juan, Puerto Rico a 5 de marzo de 2004

I

El 11 de septiembre de 2003, la Sra. Lidia Rodríguez presentó una queja contra la Lcda. Iris V. Cepeda Rivera ante la Oficina del Procurador General. El 17 de octubre de 2003 el Procurador le envió a la abogada copia de la queja por correo certificado con acuse de recibo. Además, le concedió un término de treinta (30) días para exponer su posición en torno a las alegaciones

presentadas en su contra por la señora Rodríguez. La notificación fue enviada a la dirección que consta en el Colegio de Abogados y en el expediente personal del Tribunal Supremo.[1] No obstante, ésta fue devuelta debido a que la destinataria se mudó sin informar su nueva dirección. En vista de lo anterior, el Procurador se comunicó al número telefónico que consta en el expediente personal del Tribunal Supremo, pero una grabación indicó que el teléfono se encuentra fuera de servicio.

El 11 de diciembre de 2003 el Procurador presentó una moción informativa en la que señaló que como resultado de la imposibilidad de localizar a la licenciada Cepeda Rivera, no había podido llevar a cabo la investigación y evaluación de la queja presentada por la señora Rodríguez. Mediante resolución de 30 de enero de 2004 concedimos a la abogada el término de diez (10) días para contestar la queja instada en su contra y le apercibimos que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias. Además, ordenamos que dicha resolución fuera notificada personalmente por el Alguacil de este Tribunal. Sin embargo, todas las gestiones realizadas por el Alguacil para localizar a la licenciada Cepeda Rivera fueron infructuosas.[2]

---

[1] La dirección es "P.O. Box 2048, Río Grande, Puerto Rico 00745-2048".

[2] Conforme lo ordenado, el 11 de febrero de 2004 éste se personó al apartamento 201 del Condominio Luquillo Beach, en Luquillo, sin embargo, le informaron que la licenciada Cepeda Rivera ya no reside en ese lugar.

II

La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap.XXI-A, impone a todo abogado la obligación de notificar al Secretario o Secretaria de este Tribunal cualquier cambio de dirección postal o física tanto de su residencia como de su oficina.[3] **El incumplimiento con este deber es causa suficiente para decretar la separación indefinida de la abogacía.** *In re: Pérez Olivo*, res. el 14 de diciembre de 2001, 155 D.P.R. _____ (2001), 2001 T.S.P.R. 175, 2000 J.T.S. 173. Véanse además *In re: Avilés Caratini*, res. el 4 de mayo de 2000, _____ D.P.R. _____ (2000), 2000 T.S.P.R. 148, 2000 J.T.S. 160; *In re: Capó*, res. el 4 de mayo de 2001, _____ D.P.R. _____ (2001), 2001 T.S.P.R. _____, 2001 J.T.S. 190.

La omisión de un miembro de la profesión legal de informar a este Tribunal los cambios de dirección postal o física, tanto de su residencia como de su despacho, no

---

Posteriormente el alguacil acudió al Tribunal de Río Grande para solicitar más información y allí le indicaron que un familiar de la abogada labora en la Oficina de Asuntos de la Mujer. En dicha Oficina se comunicó con la Sra. Tamaris Arcelay, madrastra de la licenciada Cepeda Rivera, y le informó que ésta actualmente reside en Orlando, Florida. El Alguacil se comunicó entonces por la vía telefónica con el padre de la abogada, el Sr. Samuel Cepeda, quien señaló que no tenía la dirección de su hija, pero que haría las gestiones para localizarla e informar a este Tribunal la nueva dirección.

[3] De igual forma dispone el Art. 7 de la Ley Notarial, Ley Núm. 89 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. sec. 2011, y la Regla 11 del Reglamento Notarial con relación a los notarios, 4 L.P.R.A. Ap. XXIV.

sólo nos dificulta cumplir con nuestra tarea de velar porque la clase togada cumpla fielmente con los requerimientos de la profesión, sino que, además, menoscaba el ejercicio de nuestra facultad disciplinaria en casos de quejas presentadas por los ciudadanos. *Col. Abogados P.R. v. Dávila*, res. el 4 de octubre de 2000, 152 D.P.R. \_\_\_\_\_ (2000), 2000 T.S.P.R. 152, 2000 J.T.S. 162.

A la luz de lo anterior, resulta ineludible concluir que la conducta de la licenciada Cepeda Rivera infringió la Regla 9(j) de nuestro Reglamento. La dirección postal, así como la dirección física, que actualmente se encuentran disponibles en la Secretaría de este Tribunal no corresponden con las de la abogada.

III

Por los fundamentos antes expuestos, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Iris V. Cepeda Rivera.

Esta Opinión *Per Curiam* y la sentencia correspondiente se les notificarán a la licenciada Cepeda Rivera por correo certificado con acuse de recibo a la última dirección que aparece en el expediente personal. Una vez remitida la misma por correo certificado con acuse de recibo, se considerará que la licenciada Cepeda Rivera ha sido notificada de su suspensión y la misma será efectiva a partir de esa fecha.

Se le impone a ésta el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Iris V. Cepeda Rivera

AB-2003-270

SENTENCIA

San Juan, Puerto Rico a 5 de marzo de 2004

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Iris V. Cepeda Rivera.

La Opinión *Per Curiam* y esta sentencia se les notificarán a la licenciada Cepeda Rivera por correo certificado con acuse de recibo a la última dirección que aparece en el expediente personal. Una vez remitida la misma por correo certificado con acuse de recibo, se considerará que la licenciada Cepeda Rivera ha sido notificada de su suspensión y la misma será efectiva a partir de esa fecha.

Se le impone a ésta el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Patricia Otón Olivieri
                            Secretaria del Tribunal Supremo