EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                 | Queja           |
|                        |                 |
|   Amilcar Abreu Román  | 2004 TSPR 102   |
|                        |                 |
|                        | 161 DPR _____   |

Número del Caso: AB-2002-248


Fecha: 9 de junio de 2004


Oficina de Inspección de Notarías:

                    Lcda. Carmen H. Carlos
                    Directora

Abogado de la Parte Querellada:

                    Por Derecho Propio




Materia: Conducta Profesional
         (La suspensión será efectiva el 16 de junio de 2004
         fecha en que se le notificó al abogado de su suspensión
         inmediata).




Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amilcar Abreu Román                    AB-2002-248


PER CURIAM


San Juan, Puerto Rico, a 9 de junio de 2004.

El Lcdo. Amilcar Abreu Román fue admitido al ejercicio de la abogacía el 19 de abril de 1965, y prestó juramento como notario el 5 de mayo de ese mismo año.

El 28 de agosto de 2002, se presentó ante la Secretaría de este Tribunal una queja contra el abogado de epígrafe. En la misma, el Sr. Luis E. Maldonado Maldonado alegó que para el año 1987 el licenciado Abreu Román preparó, a instancias suyas y de los demás miembros de una sucesión, varias escrituras que fueron posteriormente declaradas nulas por el Tribunal de Primera Instancia. Por dichos servicios, el licenciado Abreu Román recibió del quejoso la

cantidad de mil cuarenta dólares ($1,040.00), cantidad que no le quiso devolver luego de que el foro de instancia decretara la nulidad de las escrituras. El licenciado Abreu Román contestó la queja el 27 de enero de 2003.[1]

En cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, se refirió el asunto a la Oficina de Inspección de Notarías para la investigación e informe correspondiente. El 8 de diciembre de 2003, la Directora de dicha oficina, la Lcda. Carmen H. Carlos, compareció ante nos e informó que aún su oficina no había podido completar la investigación y el informe requerido por esta Curia, toda vez que estaban en espera de varios documentos que se le habían solicitado al querellado. En ese momento, se le concedió a la Directora de la Oficina de Inspección de Notarías un término adicional para presentar el correspondiente informe.

El 14 de enero de 2004, compareció nuevamente ante nos la Directora de la Oficina de Inspección de Notarías e indicó que aún el querellado no había presentado ciertos documentos que se le habían requerido en más de una ocasión, y que resultaban indispensables para completar el informe requerido por este Tribunal.

---

[1] Cabe señalar que en su contestación, el licenciado Abreu Román alegó que preparó las escrituras (particularmente la escritura de compraventa) según la información que constaba en una certificación del Registro de la Propiedad. Posteriormente, en el caso civil Pedro Maldonado Vázquez, et als v. Clotilde Concepción González, DAC 1988-5362 el tribunal resolvió que se había preterido a varios de los herederos, por lo que dicho foro declaró nulas algunas escrituras, entre ellas una escritura de compraventa.

En vista de la Solicitud de Orden presentada por la Oficina de Inspección de Notarías, le concedimos al licenciado Abreu Román un término de diez (10) días para que respondiese a los requerimientos de la Directora de Inspección de Notarías. En dicha ocasión, se le apercibió al licenciado Abreu Román que su incumplimiento con los términos de la Resolución podrían incluir sanciones severas, incluyendo la suspensión al ejercicio de la abogacía.

Han transcurrido más de tres (3) meses, y el licenciado Abreu Román aún no ha comparecido ante nos.

II

Reiteradamente hemos señalado que los abogados tienen el deber de responder con premura a los requerimientos que les hagan el Colegio de Abogados, la Oficina de Inspección de Notarías o el Procurador General de Puerto Rico relacionados a quejas por conducta profesional. Hacer caso omiso a esas órdenes, sin tener motivos fundados para ello, acarrea severas sanciones disciplinarias. In re Arroyo Rivera, 148 D.P.R. 354 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998).

En innumerables ocasiones también hemos señalado que los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal. La indiferencia de los abogados en responder a nuestras órdenes y la actitud desafiante de hacer caso omiso a los requerimientos de este foro judicial conllevan la

imposición de sanciones disciplinarias severas, incluyendo la suspensión indefinida del ejercicio de la abogacía y la notaría. In re Laborde Freyre, 144 D.P.R. 827 (1998); In re Melecio Morales, *supra*.

En el caso de autos, el licenciado Abreu Román no sólo hizo caso omiso a los requerimientos de la Oficina de Inspección de Notarías, sino que incumplió además con nuestra Resolución del 27 de febrero de 2004.

En vista de la conducta indiferente que ha desplegado el abogado de epígrafe ante nuestras órdenes, se decreta su suspensión provisional e inmediata del ejercicio de la abogacía hasta que otra cosa disponga este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá además certificarnos, dentro del término de treinta (30) días a partir de la notificación de esta *Per Curiam* y Sentencia, el cumplimiento de estos deberes.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amilcar Abreu Román                AB-2002-248
González

SENTENCIA

San Juan, Puerto Rico, a 9 de junio de 2004.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende inmediatamente al Lcdo. Amilcar Abreu Román del ejercicio de la abogacía por un período indefinido.

El Alguacil del Tribunal Supremo procederá a incautarse de su obra y sello notarial, debiendo entregar los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e Informe a este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo