EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Thomas Garity | 2004 TSPR 148 <br><br> 162 DPR \_\_\_\_ |

Número del Caso: TS-3229

Fecha: 1 de septiembre de 2004

 Colegio de Abogados de Puerto Rico:

                        Lcdo. Israel Pacheco Acevedo
                        Secretario Ejecutivo

Materia: Falta de Pago de Fianza Notarial
        (La suspensión será efectiva una vez advenga final y
         firme la Sentencia, conforme la Regla 45 del Reglamento
         del Tribunal Supremo sobre reconsideración.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Thomas Garity                              TS-3229

PER CURIAM

San Juan, Puerto Rico, a 1 de septiembre de 2004

El 20 de febrero de 2004, el Colegio de Abogados de Puerto Rico compareció ante este Tribunal solicitando la cancelación de la fianza notarial del Lcdo. Thomas Garity por estar al descubierto el pago de la prima de la misma desde junio de 2002.[1] En vista de ello, emitimos una Resolución el 31 de marzo de 2004 concediéndole término al Lcdo. Garity para que <u>mostrara causa</u> <u>"por la cual no debe ser suspendido del ejercicio</u> <u>de la notaría"</u>. Le apercibimos, <u>además</u>, que el incumplimiento con los términos de dicha

_____

[1] Dicha moción fue debidamente notificada por el Colegio de Abogados al Lcdo. Garity a su dirección postal.

Resolución <u>podría dar lugar a la imposición de sanciones</u> <u>disciplinarias adicionales</u>.

La notificación de la referida Resolución fue enviada a la dirección postal del Lcdo. Garity por correo certificado el 6 de abril de 2004 y devuelta por el servicio postal el 28 de abril de 2004. <u>El 13 de mayo de 2004 un Alguacil de este Tribunal le notificó la Resolución, personalmente, al Lcdo. Garity</u>.

Al día de hoy han transcurrido <u>más de tres meses</u> sin que éste haya comparecido ante este Tribunal, <u>desde que fuera notificado personalmente con copia de la Resolución emitida</u>. En vista de lo anterior, procede que resolvamos según intimado en la referida Resolución.


I

Reiteradamente hemos expresado que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal". *In re* Cuevas Velázquez, res. el 29 de junio de 2000, 2000 TSPR 124, *In re* Agrait Defilló, res. el 7 de agosto de 2000, 2000 TSPR 162; *In re* Manzano Velázquez, 144 D.P.R. 84, 89 (1997). Esta obligación es independiente de los méritos de la queja presentada contra un abogado o de la conducta imputada contra éste. *In re* Melecio Morales, 144 D.P.R. 824 (1998). La indiferencia de los abogados en responder a las órdenes de un tribunal y la actitud desafiante de hacer caso omiso a los requerimientos de un

foro judicial conllevan la imposición de sanciones disciplinarias severas. Véase: *In re* Laborde Freyre, 144 D.P.R. 827 (1998); *In re* Melecio Morales, *ante*. Véanse, además: *In re* Pagán González, res. el 30 de enero de 2004, 2004 TSPR 103, *In re* Abrey Román, res. el 9 de junio de 2004, 2004 TSPR 102, *In re* Betancourt Meneses, res. el 14 de junio de 2004, 2004 TSPR 101.

Otra de las obligaciones que asume el abogado al momento de prestar juramento es la de mantener en todo momento a este Tribunal informado sobre cualquier cambio de dirección o de su oficina de abogado y notarial. La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.9, impone a todo abogado la obligación de notificar al Secretario, o Secretaria, de este Tribunal cualquier cambio de dirección postal o física tanto de su residencia como de su oficina. Dicha Regla establece lo que ha sido denominado como un "Registro de Abogados" mediante el cual este Foro individualiza a cada uno de los letrados que es admitido al ejercicio de la profesión. La misma tiene el propósito de proveer "un mecanismo simple y económico de comunicación ante el aumento en espiral que ha experimentado en los últimos años la profesión de abogado". *In re* Rigau, Jr., 118 D.P.R. 89, 92 (1986).

Lo dispuesto en la Regla antes citada constituye una "medid[a] necesari[a] adoptad[a] por este foro en su función rectora constitucional de regular el ejercicio de la abogacía investida de carácter publico." Íbid. Véase,

además: *In re* Serrallés III, 119 D.P.R. 494, 495 (1987). Hemos sido enfáticos al advertir que el incumplimiento de este deber es causa suficiente para decretar la separación indefinida de la abogacía. Véase: *In re* Pérez Olivo, res. el 14 de diciembre de 2001, 2001 TSPR 175. Véanse además *In re* Avilés Caratini, res. el 4 de mayo de 2000, 2000 TSPR 148; *In re* Cepeda Rivera, res. el 5 de marzo de 2004, 2004 TSPR 34.

II

Ante la indiferencia del Lcdo. Garity en responder a los requerimientos de este Tribunal y ante su falta de diligencia en mantener informado a este Tribunal y al Colegio de Abogados de cambios en su dirección postal y de oficina, resulta obvio que al Lcdo. Thomas Garity no le interesa continuar ejerciendo la profesión de abogado en nuestra jurisdicción. Procede que decretemos su separación provisional de la notaría y de la abogacía.

Le imponemos al Lcdo. Thomas Garity el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de la presente el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Thomas Garity, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Thomas Garity                          TS-3229

SENTENCIA

San Juan, Puerto Rico, a 1 de septiembre de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación provisional del ejercicio de la abogacía y de la notaría de Thomas Garity. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de la notificación de la presente Resolución, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Thomas Garity, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los

Jueces Asociados señor Fuster Berlingeri y señora Rodríguez Rodríguez no intervinieron.


                                        Patricia Otón Olivieri
                                     Secretaria del Tribunal Supremo