EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Catalina Díaz Rodríguez | 2005 TSPR 191<br><br>166 DPR ____ |

Número del Caso: TS-3821

Fecha: 30 de noviembre de 2005

Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Materia: Conducta Profesional
(La suspensión será efectiva el 9 de diciembre de 2005 fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Catalina Díaz Rodríguez          TS-3821

PER CURIAM

San Juan, Puerto Rico, a 30 de noviembre de 2005.

I

El 14 de julio de 2005 el Director Ejecutivo del Colegio de Abogados compareció ante nos solicitando la suspensión del ejercicio de la abogacía de la licenciada Catalina Díaz Rodríguez por no haber satisfecho el pago de la cuota de colegiación para el año 2005.

En vista de ello, mediante Resolución del 30 de agosto de 2005, le concedimos a la abogada querellada un término de veinte (20) días para mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía. En la Resolución, se

le apercibió que el incumplimiento con las órdenes de este Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía.

Dicha Resolución se envió por correo certificado el 31 de agosto de 2005, pero la misma fue devuelta el 26 de septiembre de 2005. Oportunamente la Secretaria de este Tribunal se comunicó por teléfono con la licenciada Díaz Rodríguez, quien indicó que la dirección estaba incorrecta. La Resolución se envió nuevamente a la dirección indicada por la licenciada Díaz Rodríguez y tampoco fue reclamada luego del tercer aviso del correo.

No obstante, la Secretaria de este Tribunal se comunicó nuevamente con la licenciada Díaz Rodríguez el 20 de octubre de 2005 y ésta indicó que no había podido realizar el pago y que radicaría una moción a esos efectos. Hasta el momento, el Colegio de Abogados no ha recibido ningún tipo de comunicación de la licenciada Catalina Díaz Rodríguez.

Así las cosas, el término concedido expiró y la abogada no ha comparecido ante el Tribunal ni ha satisfecho su deuda. No obstante, antes de proceder a resolver este asunto, resulta pertinente añadir que del expediente profesional de la licenciada Díaz Rodríguez surge que ésta padece de una incapacidad física que le impide trabajar, razón por la cual renunció a la práctica de la notaría el 28 de octubre de 1996. Posteriormente, tras haber incumplido con el pago de la cuota de colegiación correspondiente al año 2003, la abogada informó a éste

Tribunal sobre su padecimiento e indicó que, luego de cumplir con el pago adeudado, haría los trámites correspondientes con el Colegio de Abogados para que se le relevara del pago de dicha cuota. A pesar de que en aquella ocasión la abogada pagó la deuda que tenía con la institución, nunca realizó los trámites necesarios para ser relevada del pago de la cuota de colegiación, según lo dispuesto por el Artículo 10 de Reglamento del Colegio de Abogados.

En vista de lo anterior, procedemos entonces a resolver este asunto sin ulterior trámite.

II

El Artículo 9 de la Ley Num. 43 del 14 de mayo de 1932, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota anual. Véase *Colegio de Abogados v. Fajardo*, 51 D.P.R. 528 (1937). Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la abogacía y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. *In Re: Delgado,* res. el 29 de mayo de 2003, 2003 TSPR 96; *In Re: Alemañy Enríquez*, res. el 21 de enero de 1999, 99 TSPR 4; *In Re: Reyes Rovira*, 139 D.P.R. 42 (1995); *Col. de Abogados P.R. v. Pérez Padilla*, 135 D.P.R. 94 (1994); *In Re: Duprey Maese,* 120 D.P.R. 565 (1998); *In Re: Serrallos III*, 119 D.P.R. 494 (1987); *Colegio de Abogados v. Sneider*, 117 D.P.R. 504 (1986); *In Re: Vega González,* 116 D.P.R. 379, 381 (1985). No

obstante, toda vez que un letrado es un funcionario del tribunal, corresponde al Tribunal Supremo, al amparo de su poder inherente de reglamentar la profesión, el poder de decretar la suspensión de un abogado por su incumplimiento con el pago de las cuotas anuales.

Sin embargo, cuando un abogado se incapacita de tal forma que se encuentre impedido de practicar su profesión y no tuviera recursos económicos de otras fuentes para pagar su cuota anual, el Artículo 10 de Reglamento del Colegio de Abogados establece que la Junta de Gobierno de dicho Colegio, previa constancia al efecto de que ésta es la situación, podrá por acuerdo de dos terceras partes del total de sus miembros, eximir de pago de la cuota a dicho colegiado mientras dure su incapacidad.

Por otro lado, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In Re: Quintero Alfaro*, res. el 9 de febrero de 2004, 2004 TSPR 20; *In Re: Osorio Díaz, ante; In Re: Serrano Mangual*, 139 D.P.R. 602 (1995); *In Re: Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In Re: Colón Torres,* 129 D.P.R. 490 (1991).

Asimismo, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaría del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In Re: Santiago Rodríguez,* res. el 20 de agosto de 2003, 2003 TSPR 137; *In Re: Sanabria Ortiz*, res. el 13 de diciembre de 2001, 2002 TSPR 35; *In Re Santiago Méndez*, 141 D.P.R. 75 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía.

En el caso ante nuestra consideración, se emitió una Resolución el 30 de agosto de 2005, la cual fue debidamente notificada a la licenciada Díaz Rodríguez. Además, posteriormente la Secretaria del Tribunal se comunicó con la abogada y ella quedó en cumplir con nuestro requerimiento. Sin embargo, no lo ha hecho. Tampoco ha comparecido al Colegio de Abogados a cumplir con su obligación de pagar la cuota anual o a solicitar ser relevada de dicha obligación.

En vista de lo anterior, y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la licenciada Díaz Rodríguez.

Se le impone a la abogada querellada el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera

honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Catalina Díaz Rodríguez                    TS-3821

SENTENCIA

San Juan, Puerto Rico, a 30 de noviembre de 2005.

I

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía a la Lcda. Díaz Rodríguez.

Se le impone a la abogada querellada el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo