EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Julie A. Crosby San Miguel<br>José García Correa<br>Ana H. Umpierre<br>William J. Pérez González<br>Juan Camacho Maldonado | 2007 TSPR 191<br><br>172 DPR \_\_\_\_ |

Número del Caso: TS-2572
                 TS-5463
                 TS-1187
                 TS-5535
                 TS-5249

Fecha: 31 de octubre de 2007

Colegio de Abogados de Puerto Rico:

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Julie A. Crosby San Miguel | TS-8678 | Querella sobre |
| José García Correa | TS-5463 | suspensión del |
| Ana H. Umpierre | TS-1187 | ejercicio de |
| William J. Pérez González | TS-5535 | la abogacía |
| Juan Camacho Maldonado | TS-5249 | |

PER CURIAM

San Juan, Puerto Rico, a 31 de octubre de 2007.

Nuevamente comparece ante este Tribunal el Colegio de Abogados de Puerto Rico[1] y solicita que esta *Curia* suspenda indefinidamente a varios abogados por su incumplimiento con el pago de la cuota de colegiación. Luego de proveerle a todos los abogados varias oportunidades de contestar la petición del Colegio, este Tribunal tiene que

_____

[1] Durante el transcurso de este año, el Colegio de Abogados de Puerto Rico ha sometido noventa y cuatro querellas contra abogados solicitando su suspensión del ejercicio de la abogacía por incumplimiento del pago de la cuota de colegiación. Además, sometieron cuarenta y tres querellas contra notarios por no haber renovado la fianza notarial requerida por nuestro ordenamiento. En el año 2006 el Colegio de Abogados presentó ciento sesenta y tres querellas por incumplimiento con el pago de la cuota colegial y sesenta y dos por no renovar la fianza notarial.

suspender a unos abogados que han ignorado dichos requerimientos. Es realmente sorprendente que este Tribunal tenga que nuevamente utilizar su poder disciplinario para sancionar a un abogado que demuestre un desinterés total en retener el título que con mucho sacrificio logró obtener.

*Los* abogados de epígrafe fueron admitidos al ejercicio de la abogacía en las fechas siguientes: la Lcda. Julie A. Crosby San Miguel, el 26 de junio de 1987; el Lcdo. José García Correa, el 31 de mayo de 1977; la Lcda. Ana H. Umpierre, el 2 de agosto de 1941; el Lcdo. William J. Pérez González, el 31 de mayo de 1977 y el Lcdo. Juan Camacho Maldonado, el 29 de diciembre de 1976.

I

El 30 de junio de 2006, el Director Ejecutivo del Colegio de Abogados de Puerto Rico compareció ante nos, para solicitar la suspensión al ejercicio de la abogacía de los licenciados de epígrafe por no haber satisfecho el pago de la cuota de colegiación. En vista de ello, mediante Resolución del 11 de agosto de 2006, concedimos a los abogados querellados un término de veinte (20) días para mostrar causa por la cual no debían de ser suspendidos del ejercicio de la abogacía. En la Resolución, se les apercibió de que su incumplimiento con las órdenes de este Tribunal

conllevaría la suspensión inmediata del ejercicio de la abogacía.[2]

Transcurrido el término de veinte (20) días sin recibir la comparecencia de los abogados, se les concedió, mediante Resolución del 11 de octubre de 2006, un término final de diez (10) días para cumplir con la orden señalada.

Dichas Resoluciones fueron inicialmente notificadas por correo certificado a la dirección de récord de los abogados querellados y luego personalmente a través de la Oficina del Alguacil General. Algunas fueron devueltas debido a que los abogados habían cambiado de dirección y no notificaron el cambio a la Secretaría de este Tribunal. Los alguaciles asignados rindieron informes de diligenciamiento negativo como consecuencia de las múltiples gestiones que realizaron para notificar personalmente las órdenes emitidas.

Así las cosas, el término concedido expiró y los abogados no han comparecido ante el Tribunal, ni han satisfecho sus deudas.[3] Procede la consolidación de estas

---

[2] William Pérez González fue notificado mediante resolución el 14 de agosto de 2006.

[3] En el caso particular del licenciado Camacho Maldonado no es la primera vez que su conducta ocupa nuestra atención. En los años 1993, 1996 y 1997 el abogado fue moroso en el pago de la cuota de colegiación, requiriendo la presentación ante nos de la petición de suspensión del ejercicio de la abogacía de parte del Colegio de Abogados de Puerto Rico, el cual posteriormente, desistió de la misma una vez el abogado efectuó el pago. Sin embargo, el 4 de mayo de 2001 mediante Opinión *Per Curiam* le suspendimos del ejercicio de la abogacía por falta del pago de la cuota. In re:

quejas por versar sobre el mismo asunto y procedemos a resolver este asunto sin ulterior trámite.

II

El artículo 9 de la Ley Núm. 43 del 14 de mayo de 1932, 4 LPRA § 780, establece la obligación de los miembros del Colegio de Abogados de Puerto Rico de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la profesión legal y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: Ortiz Delgado, res. 29 de mayo de 2003, 2003 TSPR 96; In re: Pérez Brasa, 155 DPR 813, 817 (2001); In re: Osorio Díaz, 146 DPR 39 (1998); In re: Reyes Rovira, 139 DPR 42, 43 (1995); Col. Abogados P.R. v. Pérez Padilla, 135 DPR 94 (1994); In re: Serrallés III, 119 DPR 494, 495 (1987); In re: Vega González, DPR 379, 381 (1985); Colegio de Abogados v. Schneider, 112 DPR 540, 546, 547 (1982).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerles

Capó y otros, 154 DPR Ap. 893. El 5 de noviembre de 2004 fue readmitido al ejercicio de la profesión.

sanciones disciplinarias. In re: Harley Rullán Castillo, res. 8 de febrero de 2007, 2007 TSPR 41; In re: Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20, In re: Osorio Díaz, supra; In re: Serrano Mangual, 139 DPR 602 (1995); In re: González Albarrán, 139 DPR 543 (1995); In re: Colón Torres, 129 DPR 490, 494 (1991).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re: Sanabria Ortiz, 156 DPR 345, 349 (2002), In re: Santiago Méndez, 141 DPR 75, 76 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. In re: Garity, res. 1 de septiembre de 2004, 2004 TSPR 148; In re: Soto Colón, 155 DPR 623, 642 (2001); In re: Berríos Pagán, 126 DPR 458, 459 (1990); In re: Serrallés III, supra; In re: Kieffer, 117 DPR 767, 769 (1986).

En vista de lo anterior, al amparo de nuestro poder inherente para reglamentar la abogacía, se suspende

inmediata e indefinidamente del ejercicio de la abogacía a los licenciados José García Correa, William J. Pérez González, Juan Camacho Maldonado, Julie A. Crosby San Miguel y Ana H. Umpierre.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente a los abogados o abogadas de epígrafe a la última dirección que aparece en el expediente personal del abogado. En los casos de diligenciamientos negativos, o aquellos casos en que ha sido devuelta la correspondencia porque los abogados o abogadas no han notificado cambio de dirección, y aquellos cuyas direcciones sean fuera de Puerto Rico, se les notificará por correo con acuse de recibo a la última dirección que aparece en los expedientes personales y una vez remitida, se considerará notificado al abogado o abogada de su suspensión y la misma será efectiva a partir de la fecha de la notificación.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Julie A. Crosby San Miguel | TS-8678 | Querella sobre |
| José García Correa | TS-5463 | suspensión del |
| Ana H. Umpierre | TS-1187 | ejercicio de |
| William J. Pérez González | TS-5535 | la abogacía |
| Juan Camacho Maldonado | TS-5249 | |

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se les suspende inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone a: Julie A. Crosby San Miguel, José García Correa, Ana H. Umpierre, William J. Pérez González y a Juan Camacho Maldonado, el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo