EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Carlos G. Berreteaga Cruz | 2008 TSPR 66 173 DPR ____ |

Número del Caso: TS-8145

Fecha: 8 de febrero de 2008

Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos G. Berreteaga Cruz

TS-8145

PER CURIAM

San Juan, Puerto Rico, a 8 de febrero de 2008.

Carlos G. Berreteaga Cruz fue admitido al ejercicio de la profesión de abogado el 10 de enero de 1986 y el 5 de enero de 1989 fue admitido a ejercer como notario.

I

El pasado 20 de julio de 2007 el Colegio de Abogados de Puerto Rico, en adelante el Colegio, presentó ante nos, *"Petición"*. Sostuvo, entre otras cosas, que el señor Carlos Berreteaga Cruz, en adelante señor Berreteaga Cruz, no había satisfecho la cuota de colegiación del 2007 con un balance de $225.

Indicó, además, que pese a varias comunicaciones enviadas al señor Berreteaga Cruz informándole de su deber de satisfacer la cuota de colegiación, no había satisfecho la misma.

El 10 de septiembre de 2007, mediante Resolución y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término de veinte (20) días a Berreteaga Cruz para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. Esta Resolución le fue notificada el 13 de septiembre de 2007.

El 23 de octubre de 2007, mediante Resolución, y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término final de diez (10) días adicionales a Berreteaga Cruz para cumplir con la Resolución emitida el 10 de septiembre de 2007. Esta Resolución no pudo ser notificada a Berreteaga Cruz ya que no pudo ser localizado por la Oficina del Alguacil del Tribunal Supremo en la dirección de récord que consta en la Secretaría de este Tribunal.

Al día de hoy Berreteaga Cruz no ha comparecido ante el Tribunal.

En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

II

Hemos resuelto, en reiteradas ocasiones, que todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal,

particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Lloréns Sar, res. en 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Osorio Díaz, 131 D.P.R. 1050 (1992); In re: Colón Torres, 129 D.P.R. 490, 494 (1991).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re: Sanabria Ortiz, 156 D.P.R. 345, 349 (2002); In re: Santiago Méndez, 141 DPR 75, 76 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. In re: Garity, res. 1 de septiembre de 2004, 2004 TSPR 148; In re: Soto Colón, 155 DPR 623, 642 (2001);

In re: Berríos Pagán, 126 DPR 458, 459 (1990); In re: Serrallés III, 119 D.P.R. 494 (1987); In re: Kieffer, 117 DPR 767, 769 (1986). En el caso antes nos, el licenciado Berreteaga Cruz se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias.

En el caso antes nos, Berreteaga Cruz no sólo incumplió con su deber de mantener al día su dirección sino que ha hecho caso omiso a nuestras órdenes al incumplir las resoluciones antes referidas. Así mismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Carlos G. Berreteaga Cruz.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                              TS-8145
Carlos G. Berreteaga Cruz

SENTENCIA

San Juan, Puerto Rico, a 8 de febrero de 2008.

Por los fundamentos expuestos en la Opinión *Per* Curiam que antecede, la cual se hace formar parte íntrega de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del        Lcdo. Carlos G. Berreteaga Cruz.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su  inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo