EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        | Queja           |
|-------------------------------|-----------------|
| Arístides Torres Rodríguez    | 2004 TSPR 161   |
|                               | 162 DPR ____    |

Número del Caso: TS-4158

Fecha: 7 de octubre de 2004

Colegio de Abogados de Puerto Rico:

                    Lcda. Sheila I. Vélez Martínez

Oficina de Inspección de Notarías:

                    Lcda. Carmen H. Carlos
                    Directora


Abogado del Querellado:
                    Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión será efectiva el día 20 de octubre de
        2004 fecha en que se le notificó al abogado de su
        suspensión inmediata.)




Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re


Arístides Torres Rodríguez          TS-4158


PER CURIAM

San Juan, Puerto Rico, a 7 de octubre de 2004.

El 28 de marzo de 2000, el licenciado Arístides Torres Rodríguez (en adelante, "Lcdo. Torres Rodríguez") presentó su renuncia al ejercicio de la profesión de abogado y notario, ello por motivos de edad y salud. Dicha renuncia sería efectiva a partir del 31 de mayo de 2000, fecha en la cual, según nos indicara, no tendría casos pendientes ante los tribunales ni ante el Registro de la Propiedad.

Mediante escrito de 2 de octubre de 2001, el Colegio de Abogados presentó una querella en contra del Lcdo. Torres Rodríguez por alegadamente adeudar la cuota correspondiente al año 2001, y solicitó que se le ordenara pagar la suma correspondiente. El 22

de octubre de 2001, el Lcdo. Torres Rodríguez contestó la queja en su contra y alegó que no tenía obligación de pagar la suma reclamada, ya que había presentado su renuncia al ejercicio de la abogacía y notaría, la cual era efectiva a partir del 31 de mayo de 2000.

El 16 de noviembre de 2001, el Colegio de Abogados presentó un escrito en el cual alegó que pese a los múltiples requerimientos, el Lcdo. Torres Rodríguez nunca le notificó respecto a su renuncia. Además, indicó que durante el 2001 el Lcdo. Torres Rodríguez se benefició de los servicios del Colegio. Solicitó que este Tribunal tomara conocimiento de ello y dispusiera sobre la solicitud de baja voluntaria presentada por el Lcdo. Torres Rodríguez.

El 30 de noviembre de 2001 emitimos una Resolución concediendo al Colegio de Abogados un término de treinta (30) días para que se expresara respecto a la solicitud de baja voluntaria del Lcdo. Torres Rodríguez.

Luego de haber consultado con la Comisión de Ética, Oficina del Procurador General, Fiscalía del E.L.A. y con la Fiscalía Federal, el 10 de enero de 2002, el Colegio de Abogados presentó un escrito en el cual indicó que no tenía objeción alguna a que al Lcdo. Torres Rodríguez se le conceda la baja voluntaria solicitada.

El 15 de febrero de 2002, concedimos un término de treinta (30) días a la Directora de la Oficina de Inspección de Notarias (en adelante, "ODIN") para que rindiera un informe respecto a la obra notarial del Lcdo. Torres Rodríguez.

El 14 de enero de 2003, la ODIN presentó una Moción Informativa en la cual recomendó requerirle al Lcdo. Torres Rodríguez mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión legal. Ello así, debido a que éste, a pesar de habérsele hecho varias advertencias sobre las numerosas

deficiencias en su obra notarial, no las corrigió por entender que mediante la entrega de su sello y protocolo cesaba su deber como notario.[1] Añadió, que el Lcdo. Torres Rodríguez entendió, erróneamente, que dichas faltas pueden ser subsanadas mediante declaraciones juradas.

El 14 de febrero de 2003, emitimos una Resolución concediendo al Lcdo. Torres Rodríguez un término de treinta (30) días para que subsanara las deficiencias señaladas. Además, se le apercibió de que no se consideraría la solicitud de baja voluntaria hasta que se haya dado cabal cumplimiento a tal asunto.

El 12 de febrero de 2003, el Lcdo. Torres Rodríguez presentó una Moción Informativa en la que indicó que había enviado a la ODIN un informe esbozando las gestiones realizadas para subsanar las deficiencias advertidas. Sostuvo, que algunas deficiencias no se pueden corregir y que otras no producen efecto alguno.[2]

El 14 de octubre de 2003, la ODIN presentó una Moción en cumplimiento de Resolución de 14 de marzo de 2003. En ésta, recomendó denegar la solicitud de cesación voluntaria presentada por el Lcdo. Torres Rodríguez.

El 14 de noviembre de 2003, concedimos al Lcdo. Torres Rodríguez un término de treinta (30) días para que, a través de otro notario, y a sus expensas, corrigiera las deficiencias señaladas.

Luego de emitir otra Resolución el 11 de febrero de 2004 concediendo al Lcdo. Torres Rodríguez quince (15) días para que informara las gestiones realizadas para cumplir con la referida Resolución, el 1 de junio de 2004 concedimos un término **final** de

---

[1] De la Moción se desprende que, a finales de junio de 2000, el Lcdo. Torres Rodríguez entregó voluntariamente su sello y protocolo notarial a la ODIN.

[2] El Lcdo. Torres Rodríguez indicó que, habiendo entregado su sello y protocolo, no conocía otra manera de subsanar algunas de las deficiencias, por lo que procedió a hacerlo mediante declaraciones juradas.

veinte (20) días para contestar las resoluciones del 14 de noviembre de 2003 y 11 de febrero de 2004. Dicho término transcurrió sin que el Lcdo. Torres Rodríguez compareciera ante nos.

## II

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y

obediencia a las órdenes de este tribunal o de cualquier foro ante el cual se encuentre obligado a comparecer. Ello es esencial, particularmente, cuando de su conducta profesional se trata. *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1992); *In re Colón Torres*, supra, págs. 492-93.

En reiteradas ocasiones hemos expresado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon anteriormente citado. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998); *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Díaz García*, 104 D.P.R. 171 (1975).

## III

En el caso de autos, la incomparecencia del Lcdo. Torres Rodríguez, ante los requerimientos de la ODIN, y ante lo ordenado por este Tribunal, demuestran indiferencia en cumplir con sus deberes como abogado y notario.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión

indefinida a los foros judiciales y administrativos de Puerto Rico. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


Arístides Torres Rodríguez                TS-4158


SENTENCIA

San Juan, Puerto Rico, a 7 de octubre de 2004.

En vista de lo expuesto en la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, suspendemos indefinida e inmediatamente al Lcdo. Arístides Torres Rodríguez del ejercicio de la abogacía y la notaría. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo