EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Armando Lloréns Sar | 2007 TSPR 31<br><br>170 DPR \_\_\_\_ |

Número del Caso: TS-13937

Fecha: 5 de febrero de 2007

Materia: Conducta Profesional
          (La suspensión del abogado advino final y firme el día
           23 de  febrero de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-13937

Armando Lloréns Sar

PER CURIAM

San Juan, Puerto Rico, a  5 de febrero de 2007.

El licenciado Armando Lloréns Sar, en adelante el licenciado Lloréns, fue admitido al ejercicio de la abogacía el 30 de enero de 2002. El presente procedimiento disciplinario surge, en esencia, por hechos relacionados a una querella, ante el Tribunal de Primera Instancia, sobre asuntos laborales en la que el abogado de marras fungía como representante legal de una de las partes. Veamos.

I

El 25 de agosto de 2004, el señor Héctor Torres Martínez, en adelante el querellante, presentó una  querella contra Aguakem Caribe, Inc.,

en adelante la querellada, mediante la cual, alegó, entre otras cosas, que fue despedido de su empleo en contravención a la Ley del Sistema de Compensaciones por Accidentes del Trabajo[1], así como la "Ley de Represalias".[2] Para tramitar su causa de acción, el querellante se acogió al procedimiento sumario que provee la Ley Núm. 2.[3]

La querellada fue emplazada el 26 de octubre de 2004, con copia de la querella. Procedió a contestar la misma el 10 de noviembre de 2004 por conducto del licenciado Lloréns. Ante esta situación, el querellante solicitó se dictará sentencia en rebeldía a su favor. Fundamentó su pedimento en que la querellada no contestó, ni presentó solicitud de prórroga juramentada dentro del término de diez (10) días dispuesto por la Ley Núm. 2, *supra*, para contestar reclamaciones laborales bajo el procedimiento sumario. Mediante Resolución de 26 de mayo de 2005[4], el Tribunal de Primera Instancia procedió a anotarle la rebeldía a la parte querellada.

El foro primario celebró vista en rebeldía el 29 de junio de 2005.[5] El 13 de septiembre de 2005[6], el foro en cuestión dictó Sentencia a favor del querellante, ordenándole a la querellada a restituirle en el empleo, así como a pagarle la cantidad de $41,388.90 por concepto de salarios dejados de

---

[1] Ley Núm. 45 de 18 de abril de 1935, según enmendada.

[2] Ley Núm. 115 de 20 de diciembre de 1991.

[3] Ley Núm. 2 de 17 de octubre de 1961.

[4] Notificada a las partes el 31 de mayo de 2005.

[5] La querellada compareció a esta vista en rebeldía.

percibir, sufrimientos y angustias mentales. Le impuso, además, el pago de $5,173.61 por concepto de honorarios de abogado.

El 30 de septiembre de 2005, la querellada presentó ante el Tribunal de Primera Instancia una moción de determinaciones de hechos adicionales, así como una moción de reconsideración. El 5 de octubre de 2005[7], el foro a quo decretó "No Ha Lugar" ambas solicitudes.

Inconforme con dicha determinación, el 14 de noviembre de 2005, la querellada presentó un recurso de apelación ante el foro intermedio apelativo. Mediante Sentencia de 22 de noviembre de 2005[8], el Tribunal de Apelaciones desestimó dicho recurso por falta de jurisdicción. Fundamentó esta determinación en que la querellada contestó la reclamación presentada en su contra fuera del término jurisdiccional de diez (10) días que provee la sección 3 de la Ley Núm. 2, *supra*.[9] Asimismo, el foro intermedio apelativo concluyó que carecía de jurisdicción por razón de que la querellada había presentado su recurso de apelación casi dos (2) meses después de que el foro primario dictara sentencia en rebeldía. Concluyó que la querellada no cumplió con las disposiciones de la Ley Núm. 2, *supra*, en cuanto al término de diez (10)

---

[6] Notificada a las partes el 23 de septiembre de 2005.
[7] Notificada a las partes el 14 de octubre de 2005.

[8] Notificada a las partes el 29 de noviembre de 2005.

[9] 32 L.P.R.A. sec. 3120.

días que tiene una parte para revisar una determinación adversa.[10] Finalmente, concluyó que la querellada erró al presentar un recurso de apelación cuando lo que era procedente en derecho, bajo la Ley Núm. 2, *supra*, era presentar un recurso de *certiorari*.

Insatisfecha con tal determinación, la querellada acudió ante nos mediante solicitud de *certiorari* el 29 de diciembre de 2005. El 24 de marzo de 2006, emitimos una Resolución declarando "No Ha Lugar" tal solicitud. Fundamentamos tal denegatoria en que dicho recurso había sido presentado frívolamente. Le impusimos el pago de $500 al representante legal de la querellada, o sea al licenciado Lloréns. Ante el incumplimiento de dicho abogado, el 15 de agosto de 2006 emitimos Resolución concediéndole a éste un término de diez (10) días para dar cumplimiento con nuestra Resolución de 24 de marzo de 2006. Apercibimos al licenciado Lloréns que incumplir con tal determinación podría conllevar sanciones más severas. Finalmente, el 3 de noviembre de 2006 emitimos Resolución y le concedimos al referido abogado un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. Se le notificó personalmente con copia de dicha Resolución. El abogado de epígrafe, nuevamente, incumplió con nuestros requerimientos.

A tenor con la relación fáctica que antecede, procedemos a resolver el procedimiento disciplinario ante nos.

---

[10] *Íd*, secs. 3121 y 3123.

II

Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal.[11] Hemos determinado que una vez el abogado se aparta de cumplir con las obligaciones y deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositada.[12]

El abogado de epígrafe ha incumplido reiteradamente con los requerimientos de este Tribunal para que satisfaga la cantidad de $500, impuesta como sanción, por presentar un recurso que adoleció de frivolidad. Tampoco ha cumplido con nuestra Orden para mostrar causa por la cual no deba ser suspendido de la profesión de abogado. Dicho abogado no ha sido diligente en su proceder para así evitar ser separado de la práctica de la abogacía.

III

En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Armando Lloréns Sar del ejercicio de la abogacía.

Se dictará Sentencia de conformidad.

---

[11] *In Re*: Moreno Franco, 2006 T.S.P.R. 10, 2006 J.T.S. 19, 166 D.P.R.____(2006); *In Re:* Rivera Irizarry, 155 D.P.R. 687 (2001).

[12] *In Re*: Charbonier Laureano, 156 D.P.R. 575 (2002).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Armando Lloréns Sar                    TS-13937

SENTENCIA

San Juan, Puerto Rico, a 5 de febrero de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, que se origina del recurso de *certiorari* CC-2005-1259, y la cual se hace formar parte íntegra de la presente, suspendemos al licenciado Armando Lloréns Sar inmediata e indefinidamente del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

Notifíquese personalmente al señor Lloréns Sar con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo