EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Josué D. De León Rodríguez | 2008 TSPR 41 173 DPR ____ |

Número del Caso: CP-2006-16

Fecha: 11 de febrero de 2008

Oficina del Procurador General:

> Lcda. Noemí Rivera De León
> Procuradora General Auxiliar

Abogado de la Parte Querellada:

> Lcdo. Marco A. Martínez Vergé

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Josué D. De León Rodríguez          CP-2006-16


PER CURIAM

San Juan, Puerto Rico, a 11 de febrero 2008

## I

El licenciado Josue de León Rodríguez fue admitido al ejercicio de la profesión legal el 14 de enero de 1987 y al ejercicio de la notaría el 9 de marzo de 1989. El 8 de octubre de 1998 cesó voluntariamente en el ejercicio de la notaría y fue readmitido el 13 de septiembre de 2002.

El procedimiento ético de epígrafe se inició mediante la presentación de una queja ante este Tribunal por la señora Judith Suárez Martínez en representación de su madre, doña Manuela Martínez Pepín, el 17 de febrero de 2005. Referimos la queja al Procurador General para investigación e informe.

Recibido el informe del Procurador en el cual concluía que el licenciado de León Rodríguez había incurrido en violaciones a los Cánones 9, 18 y 19 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX en su representación de la señora Martínez, ordenamos, el 31 de mayo de 2006, que se presentara querella.

Posteriormente, designamos a la licenciada Crisanta González Seda, Comisionada Especial, para que recibiera la prueba correspondiente y nos rindiera un informe. Luego de los trámites de rigor, el 2 de agosto de 2007, se celebró la vista en su fondo. En la vista se presentó tanto prueba documental como testifical. El 24 de septiembre de 2007, la Comisionada rindió su informe en el que concluyó que quedaron probadas las violaciones éticas imputadas en la querella.

Aclarado el trámite procesal de este procedimiento, procedemos a resumir los hechos que sirven de trasfondo a la querella que pende ante nuestra atención, así como las alegaciones de la parte querellada según constan en el informe de la Comisionada Especial.

**II**

La señora Suárez Martínez contrató al querellado para que, a nombre de su señora madre, doña Manuela Martínez Pepín, tramitara una demanda contra Lizardi Auto & Wholesale Corp., por la compraventa de un vehículo de motor usado. La señora Martínez había adquirido el auto en enero de 2002 para acudir a citas médicas ya que había sido diagnosticada con cáncer. Al momento de la adquisición, el marbete del auto tenía fecha de expiración de mayo de ese año. El vendedor le

indicó a las señoras Martínez y Suárez Martínez, que la licencia del auto se le enviaría a la compradora una vez se registrara la venta y con dicha licencia, se podría tramitar el nuevo marbete.

Expirado el marbete, la señora Suárez hizo gestiones con la compañía para que le entregasen la licencia del auto para así adquirir el nuevo marbete. El vendedor la refirió al banco y el banco a su vez le indicó que le correspondía al vendedor entregarle la licencia del auto y no al banco. Como resultado de lo anterior, la señora Martínez tuvo que dejar de utilizar su auto pues, sin marbete, no podía transitar por las vías de rodaje.

Para resolver los problemas suscitados por la compraventa del auto, la señora Suárez contrató los servicios del licenciado de León en agosto de 2002. Éste le informó que procedía demandar al banco y a la vendedora por negligencia. El acuerdo de servicios profesionales no se redujo a escrito. El licenciado de León le informó que habría de presentar una demanda reclamando una compensación de $110,000 y que sus honorarios ascenderían a 33%. En ese momento le requirió un depósito de $150 para gastos.

El 8 de julio de 2003, el querellado presentó una demanda sobre daños y perjuicios, incumplimiento de contrato y rescisión de contrato, ante el Tribunal de Primera Instancia, Sala de Bayamón. La demanda se instó a nombre de la señora Martínez Pepín, la señora Suárez Martínez, su esposo y sus hijas. Los demandados fueron: Lizardi Auto &

Wholesales Corp. ("Lizardi Auto"), su compañía aseguradora, Scotia Bank de Puerto Rico y su compañía aseguradora. En dicho caso se expidió el emplazamiento de Lizardi Auto & Wholesales Corp.

El 14 de agosto de 2003, la codemandada Lizardi Auto presentó en el pleito una moción especial impugnando el emplazamiento. En la moción indicó que había recibido un emplazamiento defectuoso ya que en el mismo no se hizo constar información alguna sobre su diligenciamiento. El foro primario, el 22 de agosto de 2003, dictó una orden concediendo un término de cinco (5) días a la parte demandante para que replicara a la moción presentada. Esta orden se notificó a las partes el 19 de septiembre de 2003. El querellado no compareció por lo que, el 22 de octubre de 2003, el tribunal dictó una nueva orden bajo los mismos términos, concediendo esta vez un término de diez (10) días. La orden se notificó el 7 de noviembre. El querellado hizo caso omiso de esta orden.

El 15 de diciembre, se notificó una orden similar y en esta ocasión se le concedió un término de veinte días a la parte demandante para que informase sobre el estado del caso. Esta orden se notificó el 8 de enero de 2004.

El 10 de febrero de 2004, Lizardi Auto presentó una moción de desestimación fundamentada en el reiterado incumplimiento de la parte demandante con las órdenes dictadas por el tribunal.

El 11 de febrero de 2004, el querellante compareció ante el tribunal de instancia en cumplimiento de la orden de agosto de 2003, indicando que los emplazamientos se diligenciaron correctamente y fueron entregados personalmente, mas no presentó evidencia del diligenciamiento del emplazamiento. En la moción presentada solicitó se anotara la rebeldía de Lizardi Auto por no haber contestado la demanda.

El 24 de agosto de 2004, el Tribunal de Primera Instancia notificó una sentencia parcial de fecha de 13 de marzo de 2004, en la que desestimó la demanda en cuanto a Lizardi Auto por insuficiencia del emplazamiento.

Durante estos primeros meses de 2004, en innumerables ocasiones, la quejosa había tratado de comunicarse con el licenciado de León para inquirir sobre el estado del caso. Todas sus gestiones fueron infructuosas. En abril de 2004, la quejosa, junto a su esposo, logró reunirse con el licenciado de León Rodríguez quien les indicó que el vendedor del auto se había allanado al reconocer que los demandantes tenían la razón y que habrían de reunirse para finiquitar la controversia.

Aproximadamente un mes más tarde, acudió nuevamente a la oficina del licenciado de León. En esta ocasión la atendió el licenciado José Ramírez de León, primo del querellado. El licenciado Ramírez de León le manifestó que había establecido una relación profesional con su primo, y como resultado de ello pasaría a atender los casos de naturaleza civil que

antes manejaba el licenciado de León Rodríguez. El licenciado Ramírez cotejó el expediente del caso y se percató de la sentencia de desestimación, lo que le informó a la señora Suárez. El licenciado Ramírez se comprometió con ella a tratar de resolver el asunto. Ramírez dialogó con de León y le informó del serio problema que confrontaba.

Luego de analizar la situación, el licenciado Ramírez determinó que el primer paso sería solicitar un relevo de sentencia ya que no podía presentar una moción de reconsideración, ni apelar al Tribunal de Apelaciones, porque el tribunal nunca había adquirido jurisdicción sobre Lizardi Auto al no haberse diligenciado los emplazamientos. Con posterioridad, acudiría al Departamento de Asuntos del Consumidor. Así se lo informó a la señora Suárez quien aprobó el curso propuesto y suscribió un contrato de servicios profesionales con el licenciado Ramírez, prescindiendo de los servicios de de León Rodríguez.

Así las cosas, el 11 octubre de 2004 el tribunal de instancia dictó una orden de mostrar causa por la cual no debía desestimarse el caso por no haberse efectuado trámite alguno por ninguna de las partes durante los anteriores seis meses. El 20 de octubre el licenciado Ramírez de León presentó ante el tribunal una moción asumiendo la representación legal y solicitando el relevo de sentencia. Poco después, solicitó el desistimiento voluntario, sin perjuicio, del pleito instado.

Luego de varios trámites procesales que no son necesarios relatar, el foro de instancia se reafirmó en su determinación de desestimar la demanda en contra de Lizardi Auto por insuficiencia del emplazamiento. De esa determinación no se solicitó revisión ante el foro apelativo intermedio.

El licenciado Ramírez acudió posteriormente al foro administrativo donde trató de negociar con los querellados pero la parte aquí querellante no aceptó la oferta que éstos le hicieron. En ese momento, el licenciado Ramírez cesó su representación legal en el caso.

Como resultado de estos hechos la señora Suárez presentó la queja que nos ocupa contra el licenciado de León. Posteriormente, le remitió una carta a éste en la que le incluyó una reclamación extrajudicial que estimó en $50,000. Ésta hizo gestiones para comunicarse con el licenciado de León para manifestarle su interés en una compensación económica, no menor de $40,000.

El licenciado de León, durante la vista ante la Comisionada, así como en los escritos presentados ante este Tribunal, aceptó los hechos antes relatados. Salvo, que señaló que en efecto se emplazó a Lizardi Auto pues él estaba en el auto del emplazador cuando se diligenciaron los emplazamientos, admitió sin embargo, que su error fue no notificarle al foro primario del emplazamiento, es decir, que

el diligenciamiento no fue entregado.[1]   Arguyó en su defensa que atravesaba en esos momentos por un mal momento debido a varios problemas personales que lo sumieron en una depresión.

## III

### A

En innumerables ocasiones hemos expresado que los Cánones de Ética Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa para beneficio de la profesión, de la ciudadanía, y de las instituciones de justicia del país.  *In re Pujol Thompson*, res. 19 de junio de 2006, 171 D.P.R. ___, 2007 TSPR ___; *In re Izquierdo Stella*, 154 D.P.R. 723 (2001).

El Canon 9 de los Cánones de Ética Profesional le impone a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se caracterice por el respeto y la diligencia.  *In re Grau Díaz*, 154 D.P.R. 70, 75 (2001).  La naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales, así como también a cualquier foro al que se encuentre obligado a comparecer el abogado.  *In re Hoffman Mouriño*, res. 7 de mayo de 2007, 171 D.P.R. ___, 2007 TSPR 115; *In re Torres Sepúlveda*, res 19 de septiembre de 2003, 160 D.P.R. ___, 2003 TSPR 170.  La desatención a dichas

---

[1] El señor Eliezer Esquilín Quiñones, emplazador, prestó una declaración jurada que consta en autos, en la cual señala que el licenciado de León le instruyó a que no radicara el emplazamiento porque el señor Lizardi había hablado con él y le había indicado que iba a resolver la situación.

órdenes constituye un grave insulto a la autoridad de los tribunales, en clara violación al mandato expreso del Canon 9. *In re González Carrasquillo*, res. 24 de mayo de 2005, 164 D.P.R. ___, 2005 TSPR 78; *In re Grau Díaz, supra*; *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998).

Igualmente, el incumplimiento continuo con las órdenes de un tribunal causa demoras irrazonables en el trámite de los casos, afectando así la administración de la justicia. En incontables instancias hemos reiterado que este precepto ético exige de todo abogado el cumplimiento puntual y diligente de las obligaciones voluntariamente asumidas. *In re Hoffman Mouriño, supra*; *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, 129 D.P.R. 490 (1991).

No podemos perder de vista que la abogacía cumple una función social de notable importancia por su aportación imprescindible a la realización de la Justicia. El abogado, además de defensor de su cliente es colaborador de la Justicia. La buena marcha del proceso judicial del país es responsabilidad ineludible de todo miembro de la profesión legal. *In re Marini Román*, res. 6 de octubre de 2005, 165 D.P.R. ___, 2005 TSPR 148.

**B**

Por otro lado, el Canon 18 le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la

profesión jurídica en general estima adecuada y responsable. *In re Hoffman Mouriño*, *supra*. Este deber se incumple cuando se asume una representación legal consciente de que no se puede rendir una labor idónea competente, o que no se puede preparar adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. *In re Meléndez Figueroa*, res. 15 de noviembre de 2005, 166 D.P.R. ____, 2005 T.S.P.R. 177; *In re Marini Román*, *supra*.

Reiteradamente hemos establecido que todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Meléndez Figueroa*, *supra*; *In re Martínez Miranda*, res. 18 de septiembre de 2003, 160 D.P.R. ____, 2003 T.S.P.R. 149. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades y su desempeño profesional debe ser siempre uno adecuado, responsable, capaz y efectivo. *In re Collazo Maldonado, supra*; *In re Alonso Santiago*, res. 13 de septiembre de 2005, 165 D.P.R. ____, 2005 T.S.P.R. 137; *In re Grau Díaz*, 154 D.P.R. 71 (2001). "Aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18." *In re Hoffman Mouriño, supra.*

Los abogados, como oficiales del tribunal, tienen una función revestida de gran interés público que genera

obligaciones y responsabilidades duales para con sus clientes y con el tribunal en la administración de la justicia. *In re Ortiz Morales*, res. 8 de noviembre de 2005, 166 D.P.R. ____, 2005 T.S.P.R. 199. Ello les impone el deber de asegurarse que sus actuaciones dentro de cualquier caso en que intervengan estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica. *In re Vélez Barlucea*, 152 D.P.R. 298 (2000). En consecuencia, este deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

Como indicamos, el deber de diligencia del abogado requiere salvaguardar el derecho a recurrir de una determinación adversa para el cliente; con lo cual, permitir que expire el término de apelación entraña necesariamente una violación al deber de diligencia que tiene todo abogado. *In re Pujol Thompson, supra*. El hecho de que el abogado haya indemnizado a su cliente, no le exime del trámite disciplinario por infracción al Código de Ética.

**C**

Finalmente, el Canon 19 de Ética Profesional dispone que el abogado debe mantener siempre informado a su cliente de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Véase, *In re Criado Vázquez*, 155 D.P.R. 436 (2001); *In re Acosta Grubb*, 119 D.P.R. 595 (987). Hemos sostenido que dictada una sentencia en un caso que pone fin, parcial o totalmente a la causa de acción, es obligación

del abogado informar a su cliente sobre lo acaecido. *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

El Canon 19 establece este deber al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. *In re Pujol Thompson, supra.* Lo cierto es que, independientemente de las razones o motivaciones que pueda tener un abogado para llevar o no un caso, una vez asume la representación del cliente ante un tribunal, tiene la ineludible e indelegable responsabilidad de llevar a cago esa gestión profesional con el más alto grado de diligencia y competencia posible. *In re Pagán Hernández*, 141 D.P.R. 113 (1996).

Establecido el marco doctrinal aplicable, pasemos a evaluar los hechos a  la luz del mismo.

**IV**

Al analizar los hechos previamente reseñamos concluimos, al igual que lo hizo ya la Comisionada en su informe, que el licenciado de León Rodríguez incurrió en violaciones éticas imputadas.

El licenciado de León asumió la representación legal de la señora Martínez y la señora Suárez Martínez y no fue sino hasta un año más tarde que presentó la demanda a nombre de sus clientes. Una vez presentada, nunca hizo constar ante el Tribunal de Primera Instancia, el diligenciamiento emplazamiento como requiere la Regla 4.8 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, por lo que en su

día, se desestimó la reclamación contra Lizardi Autos, uno de los demandados. Tampoco llevó a cabo gestiones para que se emplazara al banco, codemandado en el caso. No sometió interrogatorios a las partes, ni llevó a cabo gestión alguna en el pleito.

Hizo caso omiso, por meses, de las órdenes del tribunal de que se expresara sobre el emplazamiento defectuoso a Lizardi Autos. Una vez compareció ante el tribunal, no evidenció el hecho del diligenciamiento del emplazamiento, mas allá de una escueta expresión de que se había efectuado. Además, durante el tiempo que ostentó la representación legal de las demandantes se tornó inaccesible a éstas, no respondió a sus llamadas telefónicas, no las mantuvo informada de lo que ocurría en el pleito y no les informó del resultado adverso de su gestión cuando se archivó el caso por defectos en el emplazamiento. En otras palabras, el licenciado de León Rodríguez se desatendió completamente del trámite por él instado ante el Tribunal de Primera Instancia en perjuicios de sus representados.

Por otro lado, en ningún momento consideró instar una reclamación administrativa ante el Departamento de Asuntos del Consumidor, como trató de hacer años después el licenciado Ramírez.

Para justificar sus actos, aceptó que "se le imposibilitó atender con la agilidad requerida las referidas órdenes del tribunal, para que contestara la solicitud de desestimación, presentada por la parte contraria." Y le

atribuyó su incumplimiento a su "quebrantada condición de salud" y al gran cúmulo de trabajo que tenía. Finalmente, aseveró que tomó medidas correctivas para que dicha situación no se suscitara nuevamente.

No nos satisfacen las explicaciones del licenciado de León. Los hechos reseñados demuestran fehacientemente que éste incurrió en las violaciones éticas imputadas a los Cánones 9, 18 y 19 de los Cánones de Ética Profesional. Con su desidia y claro desconocimiento del Derecho provocó la dilación de los procesos en instancia y mas grave aún, que se desestimara la reclamación contra uno de los codemandados en el pleito. Si éste no podía desempeñar adecuadamente sus obligaciones para con sus clientes, por las razones que fuere, no podía entonces asumir su representación legal. Una vez se asume la representación de un cliente hay que cumplir cabalmente con las obligaciones que los Cánones de Ética Profesional le imponen a todo abogado. Recordemos que incurre en violación ética el abogado que asume una representación legal consciente de que no se puede rendir una labor idónea para su cliente.

Por otro lado, si el querellado interesaba que otro abogado se hiciera cargo del caso, tenía que consultarlo con sus clientes y renunciar a la representación profesional de éstos, obteniendo el permiso expreso del foro judicial. Ello no ocurrió en este caso. El licenciado de León comenzó a realizar gestiones para que otro abogado asumiera la representación en los casos civiles de sus clientes sin

informarle a éstas de ello.  La señora Suárez Martínez se enteró de que el licenciado Ramírez habría de atender su caso casualmente, cuando acudió a la oficina del licenciado de León para dialogar con él.  Aunque ésta determinó desvincularse de la relación abogado/cliente que tenía con el licenciado de León y proseguir con el licenciado Ramírez, ello no liberaba al primero de su responsabilidad ética de informarle a su cliente de las decisiones de importancia que estaba tomando sobre su caso.

Nos resta entonces determinar la sanción disciplinaria que corresponde imponer.  En este menester, tomamos en cuenta los siguientes factores:  la buena reputación del abogado en la comunidad, su historial previo, si ésta constituye su primera falta y ninguna parte ha resultado perjudicada, la aceptación de la falta y el sincero arrepentimiento, si se trata de una conducta asilada, el ánimo de lucro que medie de su actuación, el resarcimiento al cliente y, cualesquiera otras conmiseraciones, ya bien atenuantes o agravantes, que medien a tenor de los hechos.  *In re Quiñonez Ayala*, res. 30 de junio de 2005, 164 D.P.R. ___, 2005 TSPR 99.

Conforme se desprende del expediente del querellado esta es la primera querella que se insta en su contra.  Y un testigo testificó en la vista en su fondo de que se sentía satisfecha con la forma en que el querellado atendió un caso para el cual le contrató.  Expresó su compromiso de hacer el mayor esfuerzo para acatar en el futuro las órdenes de los tribunales.

Por otro lado, en este caso los demandantes en el pleito que atendía el licenciado de León perdieron los derechos que pudiesen tener de reclamarle al vendedor del auto de la señora Martínez Pepín, al desestimarse el pleito en contra del codemandado debido a la negligencia, desidia y desconocimiento del abogado. La parte perjudicada tampoco ha sido resarcida ya que el querellado indicó que se deprimió cuando la quejosa le informó la cantidad de dinero que interesaba como compensación por sus perdida, pero lo cierto es, como concluye la Comisionada, que éste no hizo ninguna oferta a la demandante para resarcirle sus daños. La quejosa además incurrió en pagó legales de $500 y vio su crédito afectado.

Por las razones antes expresadas, se suspende inmediatamente del ejercicio de la abogacía a Josué de León Rodríguez, por un periodo de un seis meses contados a partir de la notificación de esta Opinión *Per Curiam*.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Josué D. De León Rodríguez          CP-2006-16

SENTENCIA

San Juan, Puerto Rico, a 11 de febrero 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se suspende inmediatamente del ejercicio de la abogacía a Josué de León Rodríguez, por un periodo de un **seis meses** contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Le imponemos al licenciado de León Rodríguez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, el cumplimento de estos deberes.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia sea notificada personalmente al licenciado de León Rodríguez por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribual.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo