EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Francisco Ortiz McWilliams | 2008 TSPR 50 <br><br> 173 DPR _____ |

Número del Caso: AB-2007-53
              Cons. TS-6566


Fecha: 13 de febrero de 2008


Oficina del Procurador General:

                 Lcda. Edna Evelyn Rodríguez Benítez
                 Procuradora General Auxiliar


Materia: Conducta Profesional
        (La suspensión será efectiva el 11 de marzo de 2008 fecha en
         que se le notificó al abogado de su suspensión innmediata).


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Ortiz McWilliams

AB-2007-53    Queja
Cons.TS-6566

PER CURIAM

San Juan, Puerto Rico, a  13 de febrero de 2008.

Francisco Ortiz McWilliams fue admitido al ejercicio de la profesión de abogado el 7 de noviembre de 1979.

I

El 31 de enero de 2007, la señora Josefina Rivera Díaz presentó ante nos *"Queja"* en contra del señor Francisco Ortiz McWilliams, en adelante señor Ortiz McWilliams.[1]

El 29 de marzo de 2007, le referimos al Procurador General la queja presentada el 31 de enero de 2007 por la señora Josefina Rivera Díaz, para investigación e informe.

---

[1]  Dicha *"Queja"* inició un procedimiento disciplinario identificado como *In re* Francisco Ortiz McWilliams, Núm. AB-2007-53.

El 20 de julio de 2007 el Colegio de Abogados de Puerto Rico, en adelante el Colegio, presentó ante nos, *"Petición"*.[2] Sostuvo, entre otras cosas, que el señor Ortiz Mcwilliams, no había satisfecho la cuota de colegiación del 2007 con un balance de $225. Indicó, además, que pese a varias comunicaciones enviadas al señor Ortiz McWilliams informándole de su deber de satisfacer la cuota de colegiación, no había satisfecho la misma.

El 7 de agosto de 2007, el Procurador General, presentó ante nos, *"Informe del Procurador General"*.

El 31 de agosto de 2007, mediante Resolución se le concedió un término de veinte (20) días a Ortiz McWilliams para expresarse sobre el *"Informe del Procurador General"*.

El 10 de septiembre de 2007, mediante Resolución y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término de veinte (20) días a Ortiz McWilliams para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. Esta Resolución le fue notificada el 13 de septiembre de 2007.

El 23 de octubre de 2007, mediante Resolución, y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término final de diez (10) días adicionales a Ortiz McWilliams para cumplir con la Resolución emitida el 10 de septiembre de 2007. Esta Resolución no pudo ser notificada a Ortiz McWilliams ya que no pudo ser localizado

---

[2] Dicha *"Petición"* inició un procedimiento disciplinario identificado como El Colegio de Abogados de Puerto Rico v. Francisco Ortiz McWillliams, Núm. TS-6566.

por la Oficina del Alguacil del Tribunal Supremo en la dirección de récord que consta en la Secretaría de este Tribunal.

El 30 de noviembre de 2007, mediante Resolución, y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término de veinte (20) días a Ortiz McWilliams para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por no contestar el *"Informe del Procurador General"*. Esta Resolución no pudo ser notificada a Ortiz McWilliams ya que no pudo ser localizado por la Oficina del Alguacil del Tribunal Supremo en la dirección de récord que consta en la Secretaría de este Tribunal.

Al día de hoy Ortiz McWilliams no ha comparecido ante el Tribunal.[3]

En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

## II

Hemos resuelto, en reiteradas ocasiones, que todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un

---

[3] La *"Queja"* presentada por la señora Josefina Rivera Díaz (Núm. AB-2007-53) y la *"Petición"* que presentó El Colegio de Abogados de Puerto Rico (Núm. TS-6566) en contra del querellado Francisco Ortiz McWillliams se consolidaron para efectos de la resolución de la controversia de autos.

abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Lloréns Sar, res. en 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Osorio Díaz, 131 D.P.R. 1050 (1992); In re: Colón Torres, 129 D.P.R. 490, 494 (1991).

El artículo 9 de la Ley Núm. 43 del 14 de mayo de 1932, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de Puerto Rico de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la profesión legal y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: Ortiz Delgado, res. 29 de mayo de 2003, 2003 T.S.P.R. 96; In re: Pérez Brasa, 155 D.P.R. 813, 817 (2001); In re: Osorio Díaz, 146 D.P.R. 39 (1998); In re: Reyes Rovira, 139 D.P.R. 42, 43 (1995); Col. Abogados P.R. v. Pérez Padilla, 135 D.P.R. 94 (1994); In re: Serralles III, 119 D.P.R. 494, 495 (1987); In re: Vega González, 116 DPR 379, 381 (1985); Colegio de Abogados v. Schneider, 112 D.P.R. 540, 546, 547 (1982).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re: Sanabria Ortiz, 156 D.P.R. 345, 349 (2002); In re: Santiago Méndez, 141 DPR 75, 76 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. In re: Garity, res. 1 de septiembre de 2004, 2004 TSPR 148; In re: Soto Colón, 155 DPR 623, 642 (2001); In re: Berríos Pagán, 126 DPR 458, 459 (1990); In re: Serrallés III, 119 D.P.R. 494 (1987); In re: Kieffer, 117 DPR 767, 769 (1986). En el caso antes nos, el licenciado Ortiz McWilliams se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias.

En el caso antes nos, Ortiz McWilliams no sólo incumplió con su deber de mantener al día su dirección sino que ha hecho caso omiso a nuestras órdenes al incumplir las resoluciones antes referidas. Así mismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Francisco Ortiz McWilliams.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictara sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Ortiz McWilliams          AB-2007-53          Queja
                                    Cons.TS-6566


SENTENCIA


San Juan, Puerto Rico, a 13 de febrero de 2008.

Se ordena la consolidación del caso AB-2007-53 con el caso TS-6566, In re: Francisco Ortiz McWilliams.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía al Lcdo. Francisco Ortiz McWilliams.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo