EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Ciro Ángel Betancourt | 2008 TSPR 99 174 DPR _____ |

Número del Caso: TS-3784

Fecha: 7 de mayo de 2008

Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz
Directora Auxiliar

Lcda. Lourdes I. Quintana Lloréns
Directora

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ciro Ángel Betancourt                TS-3784

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de mayo de 2008.

En resolución notificada personalmente el 20 de noviembre de 2007, ordenamos al Lcdo. Ciro Ángel Betancourt, cumplir con una resolución anterior en la que le concedíamos término para expresarse sobre un informe de la Oficina de Inspección de Notarías (ODIN). En esa última ocasión le apercibimos de severas sanciones incluyendo la separación del ejercicio de la abogacía.

Posteriormente compareció la Directora de ODIN, reiterando su informe anterior, que revela, entre otras deficiencias, una deuda arancelaria ascendente a $24,636. Vencido en exceso el término concedido, el licenciado Betancourt no ha comparecido.

En innumerables ocasiones hemos señalado las consecuencias que conlleva el incumplimiento con los requerimientos y órdenes del Tribunal. Asimismo hemos indicado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos

de imponerle sanciones disciplinarias. In re: Ortiz McWilliams, 2008 TSPR 50, *In re*: Lloréns Sar, 2007 TSPR 31; In re: Díaz Rodríguez, 2005 TSPR 191; In re: Vega Lassalle, 2005 TSPR 66; In re: Quintero Alfaro, 2004 TSPR 20; In re: Laborde Freyre, 154 DPR 112 (2001); In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995). Desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional que le exige a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se caracterice por el respeto y la diligencia. 4 LPRA Ap. IX, C. 9; *In re*: Josué D. De León Rodríguez, 2008 TSPR 41; In re: Hoffman Mourino, 2007 TSPR 114; In re: Torres Rodríguez, 2004 TSPR 161; *In re*: Maldonado Rivera, 147 D.P.R. 380 (1999).

Visto lo anterior, se ordena la suspensión indefinida e inmediata del Lcdo. Ciro Ángel Betancourt del ejercicio de la abogacía. Además, examinado el Informe sobre estado de la obra notarial incautada y otros extremos, presentado el 1 de diciembre de 2006 por la Lcda. Marla D. Ríos Díaz, Directora Interina de ODIN, por virtud de lo dispuesto en el Artículo 66 de la Ley Número 75 de 2 de julio de 1987 (Ley Notarial, 4 LPRA sec. 2106), se refiere el asunto al Procurador General de Puerto Rico para que demande del fiador notarial Colegio de Abogados de Puerto Rico el reembolso de $24,636.

Dicho reembolso deberá hacerse mediante la expedición de dos cheques certificados: uno a nombre del Secretario de Hacienda por la cantidad de $24,441, $4,038 para Asistencia Legal y $20,403 para sellos de rentas internas; y otro a nombre del Colegio de Abogados de Puerto Rico por la cantidad de $195 para sellos de impuesto notarial. Dichos cheques certificados deberán ser remitidos al Director de Inspección de Notarías para que proceda a cancelar los sellos requeridos.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ciro Ángel Betancourt        TS-3784

*SENTENCIA*

En San Juan, Puerto Rico, a 7 de mayo de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende indefinida e inmediatamente al Lcdo. Ciro Ángel Betancourt del ejercicio de la abogacía. Además, se refiere el asunto al Procurador General de Puerto Rico para que demande del fiador notarial Colegio de Abogados de Puerto Rico el reembolso de $24,636, mediante la expedición de dos cheques certificados: uno a nombre del Secretario de Hacienda por la cantidad de $24,441, $4,038 para Asistencia Legal y $20,403 para sellos de rentas internas; y otro a nombre del Colegio de Abogados de Puerto Rico por la cantidad de $195 para sellos de impuesto notarial. Dichos cheques certificados deberán ser remitidos al Director de Inspección de Notarías para que proceda a cancelar los sellos requeridos.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo